J-S19026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID GLENN WILLIAMS | |
| Appellant | No. 2338 EDA 2014 |

Appeal from the Judgment of Sentence June 30, 2014
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002487-2013

BEFORE: STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 21, 2015**

David Glenn Williams ("Appellant") appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas following his guilty plea conviction for child pornography.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. ***See*** Trial Court Opinion, dated October 14, 2014 ("Trial Court Opinion"), pp. 1-4. Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

I.   WHETHER SUFFICIENT EVIDENCE WAS PRESENTED TO SUPPORT [SEXUALLY VIOLENT PREDATOR ("SVP")] CLASSIFICATION OF APPELLANT WHERE APPELLANT HAD A HISTORY OF VIEWING CHILD PORNOGRAPHY, HAD ONE

_____

[1] 18 Pa.C.S. § 6312(d).

PRIOR CONVICTION FOR STATUTORY SEXUAL ASSAULT AND NO HISTORY OF FAILED TREATMENT?

II. WHETHER THE COURT ERRED AND ABUSED ITS DISCRETION IN CLASSIFYING APPELLANT AS AN SVP WHERE IT DID NOT INDICATE ITS REASONS, WHERE THERE WAS A LACK OF EVIDENCE IN SUPPORT OF THE STATUTORY FACTORS?

Appellant's Brief, p. 5.

Our review of Appellant's SVP status implicates the following principles:

> The determination of a defendant's SVP status may only be made following an assessment by the Board and hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator.
>
> As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Fuentes*, 991 A.2d 935, 941-42 (Pa.Super.2010).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jonathan Mark, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, pp. 4-8) (finding Commonwealth proved Appellant was an SVP with clear and convincing evidence, including the uncontradicted assessment of the Sexual Offenders Assessment Board's

counselor and evaluator, which considered all relevant factors listed in 42 Pa.C.S. § 9799.24, including Appellant's personal and criminal history and diagnosis of other specified paraphilic disorder, in determining Appellant's SVP status).  Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2015